```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| THOMAS SUCHOCKI,<br><br>        Plaintiff,<br><br>   v.<br><br>SERGEANT CHRIS GILCRIST, et al.,<br><br>        Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-4626<br>       (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

ZANE & LOZUKE, ESQS.
By: Raymond J. Zane, Esq.
131 Delaware Street
Woodbury, NJ 08096
    Counsel for Plaintiff

POWELL, BIRCHMEIER & POWELL, ESQS.
By:  James R. Birchmeier, Esq.
1891 State Hwy 50
P.O. Box 582
Tuckahoe, NJ 08250-0582
    Counsel for Defendants Sergeant Christopher Gilcrest,
Paulsboro Police Dept., and City of Paulsboro

CRAIG, ANNIN & BAXTER, LLP
By: Robert A. Baxter, Esq.
41 Grove Street
Haddonfield, NJ 08033
    Counsel for Defendant Township of Logan

**IRENAS**, Senior District Judge:

    Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations stemming from a traffic stop and subsequent arrest.  Pending before the Court is Defendant Logan Township's Motion to Dismiss pursuant to Fed. R.

1

Civ. P. 12(b)(6) and Defendant Borough of Paulsboro's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

## I.

On May 28, 2010, Defendant Gilcrist of the Paulsboro Police Department was directing traffic at the intersection of Broad and Delaware Streets. (Compl. ¶ 11.) Plaintiff was traveling in his vehicle on Broad Street and was involved in a verbal confrontation with Defendant Gilcrist near a pedestrian crosswalk. (*Id.* ¶¶ 13-25.) Plaintiff was ultimately arrested and charged with harassment and obstruction of administration. (*Id.* ¶¶ 26, 34, 43.)

On June 14, 2010, Plaintiff appeared in Paulsboro Municipal Court and entered not guilty pleas on both counts. (*Id.* ¶ 44.) Between June 14, 2010 and August 18, 2011, the matter was scheduled to be heard on eleven separate occasions. (*Id.* ¶ 54.) In August 2011, the matter was transferred to Logan Township, where it was scheduled to be heard an additional five times. (*Id.* ¶ 55.)

According to the Complaint, on December 7, 2011, Plaintiff and his attorney met with Ms. Wentz, who was acting as the prosecutor, but was unauthorized to do so. (*Id.* ¶¶ 59-62.) Because Ms. Wentz was allegedly not the appointed prosecutor and not authorized to prosecute cases on the Township's behalf, the matter was rescheduled for January 4, 2012. (*Id.* ¶ 64.)

On January 4, 2012, Plaintiff's Motion to Dismiss for lack of a speedy trial was granted and all charges against Plaintiff were dismissed.  (*Id.* ¶ 65.)

In May 2011, Plaintiff initiated the instant action to recover for, *inter alia*, a violation of his Sixth Amendment right to a speedy trial.  On March 16, 2012, Defendant Logan Township filed a Motion to Dismiss the Second Amended Complaint.  On April 11, 2012, Defendant Borough of Paulsboro filed a Motion for Judgment on the Pleadings with respect to Count Four of the Second Amended Complaint.

## II.

### A.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations,

3

unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

**B.**

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) Motion for Judgment on the Pleadings is subject to the same standard of review as a Rule 12(b)(6) Motion to Dismiss. *Turbe*

*v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *see also Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004); *Collins v. F.B.I.*, 2011 WL 1624025, at *4 (D.N.J. April 28, 2011).[1]

### III.

Defendants Logan Township and Borough of Paulsboro move to dismiss Plaintiff's claim for a violation of his Sixth Amendment right arguing that there is no constitutional injury for this Court to remedy.

The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. Amend. VI.  The right to a speedy trial is fundamental and imposed on the states by the Due Process Clause of the Fourteenth Amendment.  *Kloper v. North Carolina*, 386 U.S. 213, 223 (1967).  There are four factors to be weighed to determine whether the Sixth Amendment's guarantee of a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) whether in due course the defendant asserted his right to a speedy trial; and (4) the prejudice to

---

[1] While there is some procedural irregularity in that Defendant Borough of Paulsboro has prematurely moved for Judgment on the Pleadings, the only Defendant to not have filed an answer is Logan Township, which the Court will dismiss as a party to this action.  *See supra* section III.  Therefore, any procedural issue concerning the timing of Defendant Borough of Paulsboro's Motion for Judgment on the Pleadings is now moot.

5

the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The remedy for a violation of the right to a speedy trial is dismissal of the charges. *see id.* at 522 (noting that dismissal of the indictment "is more serious than an exclusionary rule or a reversal for a new trial, but it is the *only possible remedy*")(emphasis added); *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 801 (1989)("dismissal of the indictment [is] the proper remedy when the Sixth Amendment right to a speedy trial has been violated").

In this case, the criminal charges against Plaintiff were dismissed by the municipal court judge upon Plaintiff's motion to dismiss for lack of a speedy trial. Therefore, any Sixth Amendment violation resulting from the repeated postponement of the municipal court action was remedied upon dismissal of the charges. Thus, Plaintiff has already received from the municipal court all that he is entitled to receive pursuant to the Sixth Amendment. Accordingly, the Motions by Defendants Logan Township and Borough of Paulsboro will be granted.

### IV.

For the reasons stated above, Defendant Logan Township's Motion to Dismiss the Second Amended Complaint against it will be granted. Defendant Borough of Paulsboro's Motion for Judgment on the Pleadings with respect to Count Four of the Second Amended

Complaint will be granted.  An appropriate Order accompanies this Opinion.


Dated: May  7 , 2012

                                                  s/ Joseph E. Irenas
                                             **JOSEPH E. IRENAS, S.U.S.D.J.**